IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| KEITH A. HALLIBURTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:18-CV-2081 |
| DETECTIVE JEFF HOCKADAY, U.S.P.I. KEITH WILLIAMS, U.S.P.I. JOSH BERGERON, DETECTIVE CHAD LARNER, DETECTIVE PAUL VINTON, DETECTIVE BRIAN HICKEY, and OFFICER RYAN STREBING, | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Summary Judgment (d/e 27) filed by Defendant Brian Hickey and Motion for Summary Judgment (d/e 30) filed by Defendants Jeff Hockaday, Chad Larner, Paul Vinton, and Ryan Strebing. Because Plaintiff is collaterally estopped from bringing his claims, the Motions for Summary Judgment are GRANTED.

# I. BACKGROUND

In March 2018, Plaintiff filed a Complaint pursuant to 42 U.S.C. §1983 alleging that several law enforcement officers violated his Fourth Amendment rights when executing an anticipatory search warrant. Plaintiff named as defendants Detective Jeff Hockaday, Detective Chad Larner, Detective Paul Vinton, Detective Brian Hickey, and Officer Ryan Strebing, all of the Decatur Police Department. Plaintiff also named as defendants two United States Postal Inspectors, Keith Williams and Josh Bergeron. Williams and Bergeron have not yet been served. All references to "Defendants" herein are to the Decatur Police Department defendants, all of whom have moved for summary judgment.

# II. FACTS

The following facts are taken from Defendants' Statement of Undisputed Facts, which Plaintiff did not dispute,[1] and from Plaintiff's Statement of Undisputed Facts. The Court also takes judicial notice of the pleadings filed in Plaintiff's federal criminal

---

[1] The Court's Local Rule provides that the "failure to respond to any numbered fact will be deemed an admission of that fact." CDIL-LR 7.1(D)(2)(b)(6). Rule 7.1(D) applies to pro se litigants. See Danville Inn v. Army Nat'l Guard, No. 16-CV-2319, 2017 WL 3092094, at *4 (C.D. Ill. June 14, 2017).

case, United States v. Halliburton, Central District of Illinois, Springfield Division, Case No. 17-20028. See Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1073 (7th Cir. 2013) ("We may take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from prior proceedings in the case.").

On March 7, 2016, Postal Inspector Keith Williams brought two suspicious packages, addressed to Lisa Lawis of 1404 E. Main, Decatur, Illinois, to the Decatur Police Department. At the Department, a K-9 performed a sniff and gave positive indications on both packages for the presence of a narcotic odor.

On March 8, 2016, Magistrate Judge Eric I. Long signed a search warrant for the packages, which allowed Inspector Williams to open the packages. Inspector Williams executed the search warrant and discovered that each package contained cannabis.

On March 8, 2016, Detective Hockaday obtained an anticipatory search warrant with regard to the same two United States Postal Service packages. The anticipatory search warrant contained two conditions precedent: (1) the agents needed to "attempt to deliver the aforementioned Priority Mail package to

1404 E. Main St. Decatur IL;" and (2) delivery was to be made to "an adult willing to accept delivery on behalf of 'Lisa Lawis.'" Once these conditions precedent were met, the warrant authorized the officers to search any premises or vehicle into which the packages were brought as well as "the curtilage of any out buildings, [and] any vehicles associated with the residence. . . " Detective Hockaday also obtained a warrant to place a Global position System (GPS) tracking device with a breakaway filament in the two subject packages.

The subject packages were delivered to the address of 1404 E. Main, Decatur, Illinois, and surveillance was established outside of the house by the Decatur Street Crimes Unit. Thereafter, a silver Volkswagen pulled up to the house and an individual later identified as Plaintiff exited the vehicle, picked up the subject packages, and placed them in his vehicle. Plaintiff then drove his vehicle containing the subject packages to 849 N. Dunham, Decatur, Illinois. Plaintiff parked the Volkswagen in the driveway, next to a white Pontiac van, which had its doors open. About ten minutes later, Plaintiff left the premises, and the tracking devices

placed inside the subject packages indicated they were no longer in Plaintiff's vehicle but in the Pontiac van.

Shortly after Plaintiff left 849 N. Dunham, Detective Larner conducted an investigatory stop on Plaintiff's vehicle. Detective Larner advised Plaintiff of his <u>Miranda</u> rights[2], at which time Plaintiff waived his <u>Miranda</u> rights and agreed to cooperate with officers.

Plaintiff told Detective Larner he placed the packages in the white Pontiac van at 849 N. Dunham. Detective Larner then drove Plaintiff back to the 849 Dunham address. Plaintiff gave both verbal and written permission to the officers to search the entire premises of 849 N. Dunham and provided Detective Hockaday with the keys to the white Pontiac van so officers could search it.

At some time after 4:07 p.m., officers used the key supplied by Plaintiff to unlock the van and to begin their search. While searching the van, the officers recovered the evidence of the packages, which contained marijuana, as well as additional

---

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

evidence. At no time did Plaintiff open either of the subject packages.

Plaintiff initially became a federal defendant on March 11, 2016 when federal charges were brought against him in Central District of Illinois Case No. 16-mj-7026. On April 15, 2016, the Government filed a Motion to Dismiss the criminal charges on the basis that Plaintiff was being prosecuted for the same charges in state court in Macon County, Illinois Circuit Court Case No. 2016-CF-458. That Motion to Dismiss was granted. On February 15, 2017, the Macon County Circuit Court granted Plaintiff's motion to suppress. The State appealed, but later filed a motion to dismiss the appeal, which was granted on April 19, 2017.

On April 6, 2017, a grand jury in the Central District of Illinois indicted Plaintiff for Possession of a Controlled Substance with Intent to Distribute in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), (b)(1)(C), and (b)(1)(D). See United States v. Halliburton, Central District of Illinois, Springfield Division, Case No. 17-20028. On June 17, 2017, Plaintiff filed a Motion to Suppress Evidence Obtained Pursuant to and as a Result of the Search Warrant Execution.

In the Motion to Suppress, Plaintiff argued that the anticipatory search warrant was executed illegally—that one of the "triggering conditions" did not occur. Therefore, Plaintiff argued, the warrants were prematurely executed and all evidence obtained therefrom should be excluded. Plaintiff argued that the warrant was conditioned on the opening of the packages prior to execution of the warrant and, therefore, the packages were not accepted because they were never opened. Plaintiff further argued that the warrant was contingent on him accepting delivery of the packages on behalf of Lisa Lawis, which he argued did not occur.

Thereafter, the United States filed a responsive brief, arguing that the anticipatory search warrant was legally executed. Although not included in Defendants' Statement of Undisputed Facts, the Court notes that the United States also argued that Plaintiff consented to the search and that the automobile exception to the warrant requirement applied. No hearing was held on the Motion because the parties stipulated to the evidence.

On January 10, 2018, Magistrate Judge Long recommended that the District Court deny Plaintiff's Motion to Suppress. The Magistrate Judge's recommendation found that the anticipatory

search warrant was properly executed and that both of the specified triggering events listed in the warrant took place. Further, the Magistrate Judge found that the opening of the packages was not a condition precedent to the execution of the warrant. The Magistrate Judge's recommendation indicated that, even if the triggering events did not take place (which he found that they did), the legality of the search was supported by Plaintiff's consent to the officers to search both the residence and the Pontiac van. While not included in the Statement of Undisputed Facts, the Court notes that Magistrate Judge Long also found Plaintiff consented to the search after a legally executed Terry stop (Terry v. Ohio, 392 U.S. 1 (1968)).

On January 24, 2018, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. Plaintiff challenged the legality of the search and the consent to the search. On February 2, 2018, this Court denied Plaintiff's Motion to Suppress and adopted the recommendation of the Magistrate Judge on the basis that the anticipatory search warrant was executed properly and both conditions precedent took place prior to the execution of the warrant. This Court also adopted the Magistrate Judge's finding that there was reasonable suspicion to conduct the

traffic stop, and Plaintiff consented to the search. Thereafter, Plaintiff pled guilty to the criminal charges contained in the indictment, and the Court accepted Plaintiff's plea of guilty.

The Court notes that Plaintiff was sentenced to 120 months' imprisonment and an 8-year term of supervised release. Plaintiff has appealed. See United States v. Halliburton, Seventh Circuit Case No. 18-3669. Appellate counsel has filed a motion for leave to withdraw and an Anders brief (Anders v. California, 386 U.S. 738 (1967)).

### III. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). No genuine issue of material fact exists if a reasonable jury could not find in favor of the nonmoving party. Brewer v. Bd. of Trs. of the Univ. of Ill., 479 F.3d 908, 915 (7th Cir. 2007). When ruling on a

motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor.  Blasius v. Angel Auto., Inc., 839 F.3d 639, 644 (7th Cir. 2016).

## IV. ANALYSIS

Defendants move for summary judgment on the ground that Plaintiff is collaterally estopped from claiming that the anticipatory search warrant was executed illegally.  Specifically, Defendants assert that Plaintiff should be estopped from relitigating the issue of the legality of the anticipatory search warrant because the issue was litigated and decided with respect to the motion to suppress filed in Plaintiff's federal criminal case.

A section 1983 plaintiff can be collaterally estopped from relitigating a Fourth Amendment search-and-seizure claim that he lost at a criminal suppression hearing.  See Allen v. McCurry, 449 U.S. 90, 96 (1980) (finding that collateral estoppel could be invoked against a §1983 claimant to bar relitigation of a Fourth Amendment search and seizure claim that he lost in a state court criminal suppression hearing); Guenther v. Holmgreen, 738 F.2d 879, 883-84 (7th Cir. 1984).  Here, Plaintiff lost at a federal criminal

suppression hearing, pled guilty, and was sentenced. His appeal is currently pending in the Seventh Circuit.

"The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008). Under federal common law, issues preclusion applies when the following four requirements are met: (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. Adams v. City of Indianapolis, 742 F.3d 720, 736 (7th Cir. 2014). Each of those requirements is met here.

In this §1983 action, Plaintiff alleges that the Defendants violated his Fourth Amendment rights due to their involvement in executing an anticipatory search warrant in an illegal manner. Plaintiff alleges that the anticipatory search warrant was executed before a triggering event occurred; the traffic stop was illegal; and Defendants coerced him into giving permission to retrieve the packages from the vehicle as well as enter the house.

In the Motion to Suppress, Plaintiff argued that the search was executed prematurely because a triggering event did not occur. In response, the United States argued that, even assuming the anticipatory search warrants or their execution were lacking, Plaintiff consented to the search. The United States also argued that the automobile exception to the warrant requirement applied.

In the Report and Recommendation, Magistrate Judge Long found that both triggering events for the warrant occurred. Judge Long further found that, even if those events had not occurred, Defendant consented to the searches in question after a legally executed Terry stop. Plaintiff objected to the Report and Recommendation, specifically challenging the findings that both triggering events occurred and that he consented to the searches in question after a legally executed Terry stop

This Court adopted the Report and Recommendation. This Court found that the conditions precedents occurred that the officers conducted a lawful Terry stop, after which Plaintiff consented to the searches.

Clearly, the issues sought to be precluded are the same issues in the prior ligation, meeting the first factor. As for the second and

third factors, the issues were actually litigated in the prior litigation, and the determination of the issues was essential to the final judgment. In addition, although the criminal case is currently on appeal, "the fact that an appeal was lodged does not defeat the finality of the judgment." Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211, 486 F.3d 279, 284 (7th Cir. 2007).

As for the fourth factor, Plaintiff was represented in the prior action. Plaintiff was the defendant in the criminal case, was represented by counsel, actively engaged in the litigation, and filed briefs and objections in support of the Motion to Suppress.

Plaintiff does not address or dispute these factors, instead arguing that his claim should not be barred because the motion to suppress was granted in the state court. In addition, although Plaintiff has not filed a motion for summary judgment, he asks in his response that summary judgment be granted to him in light of the state court's order granting the motion to suppress.

The state court's ruling on the motion to suppress does not defeat Defendants' motion for summary judgment. In addition, even if the Court were to consider Plaintiff's collateral-estoppel claim as a motion for summary judgment, despite Plaintiff having

not complied with the Local Rules for filing a motion for summary judgment, Plaintiff would not be entitled to relief.

This Court must give the same preclusive effect to the state-court judgment that the state-court judgment would receive under state law. See EOR Energy LLC v. Ill. Envtl. Prot. Agency, 913 F.3d 660, 664 (7th Cir. 2019). Under Illinois law, collateral estoppel may be applied where (1) the issue decided in the prior adjudication is identical to the issue presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc., 195 Ill. 2d 71, 77 (2001). In addition, the decision on the issue must have been necessary for the judgment in the first litigation, and the person to be bound must have actually litigated the issue. Talarico v. Dunlap, 177 Ill. 2d 185, 191 (1997).

Moreover, because collateral estoppel is an equitable doctrine, collateral estoppel cannot be applied—even if the threshold elements are met—unless "it is clear that no unfairness results to the party being estopped." Nowak v. St. Rita High Sch., 197 Ill.2d

381, 391 (2001). "There must have been the incentive and opportunity to litigate, so that a failure to litigate the issue is in fact a concession on that issue." Talarico, 177 Ill. 2d at 192.

Defendants assert that they were not parties or in privity with the parties to the state court criminal proceeding. Under Illinois law, a party is in privity with a party to the prior adjudication where the parties represent the same legal interests. Pedersen v. Village of Hoffman Estate, 2014 IL App (1st) 123402, ¶ 45. Put another way, parties are in privity when a nonparty's interest are so closely aligned to those of the party that the party is the "virtual representative of that nonparty." Purmal v. Robert N. Wadington & Assoc., 354 Ill. App. 3d 715, 723 (2004).

The Seventh Circuit has provided some support for the proposition that collateral estoppel does not apply when a federal civil rights plaintiff seeks to assert collateral estoppel against defendant officers following a favorable motion to suppress in a criminal proceeding in state court. For example, the Seventh Circuit refused to adopt the proposition that a state court's finding that an arrest was made without probable cause was conclusive on the probable cause issue or defeated the arresting officer's motion

for summary judgment in a federal civil right case.  Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996).  In Booker, the court found that the arresting officers were not parties to the state court criminal proceedings and did not have a full or fair opportunity to litigate the issue of whether they had probable cause to arrest the plaintiff.  Id.

The Booker court did not specifically address privity.  However, in Perkins v. City of Chicago, No. 04 C 2855, 2005 WL 2483385 (N.D. Ill. Oct. 6, 2005), the district court found that the Illinois state court's entry of a directed verdict of acquittal based on the judge's finding that the officer had no probable cause to search the plaintiff's home did not collaterally estop the officer from arguing in the federal §1983 case that he had probable cause.  Id. at *1.  The district court found that the officer was not in privity with the State because the parties did not represent the same legal interest.  The State's objective was to secure a conviction, not to demonstrate that the officer's conduct was constitutionally defensible.  Id.  Moreover, the officer had no control over the criminal case, did not make decisions regarding trial strategy, and could not appeal the ruling of the state court.  Id.; see also

Delgadillo v. Paulnitsky, No. 05 C 3448, 2007 WL 1655252, at *4 (N.D. Ill. June 1, 2007) (holding that the defendant officers in the §1983 action were not collaterally estopped from asserting that they had probable cause to arrest the plaintiff, even though an Illinois State court ruled in the plaintiff's criminal proceeding that the officers did not have probable cause; the officers' and the State's interests were not so closely aligned that the represented the same legal interests and the officers did not have a full and fair opportunity to litigate the issue); but see Jurkus v. Vill. of E. Hazelcrest, No. 90 C 1583, 1991 WL 127655, at *6 (N.D. Ill. July 10, 1991) (stating that the officer was sufficiently represented in and exercised sufficient control over the prior state court criminal proceeding but ultimately concluding that it was not necessary to determine whether collateral estoppel applied).

This Court finds that Defendants are not in privity with the State because the parties do not represent the same interests. Defendants' interest in defending the §1983 case is to avoid personal liability and possible monetary damages. The State's interest in the suppression hearing was primarily to secure a conviction. Although the State was also concerned with showing

that the anticipatory search warrant was properly executed, the State was not representing the interests of Defendants at the suppression hearing.

In addition, collateral estoppel should not be applied unless it is clear that no unfairness will result to the party sought to be estopped. Nowak, 197 Ill.2d at 391. Here, applying collateral estoppel to Defendants would be unfair because Defendants had no control over the criminal case, could not cross-examine witnesses at the suppression hearing, and could not appeal the ruling of the state court. See Am. Family Mut. Ins. Co. v. Savickas, 193 Ill.2d 378, 388 (2000) ("The court determining whether estoppel should apply must balance the need to limit litigation against the right to an adversarial proceeding in which a party is accorded a full and fair opportunity to present his case. Also potentially relevant is the party's incentive to litigate the issue in the prior action."). Therefore, Plaintiff cannot use the state court's suppression ruling to defeat summary judgment in favor of Defendants or to obtain summary judgment in his own favor.

## V. CONCLUSION

For the reasons stated, the Motion for Summary Judgment (d/e 27) filed by Defendant Brian Hickey and the Motion for Summary Judgment (d/e 30) filed by Defendants Jeff Hockaday, Chad Larner, Ryan Strebing, and Paul Vinton, are GRANTED.

**ENTERED: May 24, 2019**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**